Ashley M. McDow (245114)
Michael T. Delaney (261714)
Fahim Farivar (252153)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:   310.820.8800
Facsimile:   310.820.8859
Email:      amcdow@bakerlaw.com
            mdelaney@bakerlaw.com
            ffarivar@bakerlaw.com

Attorneys for JEFFREY I. GOLDEN,
Plaintiff and Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>ANDREW GRIMALDA and MARGARET GRIMALDA,<br><br>            Debtors. | Case No.: 8:14-bk-12328-MW<br><br>Chapter 7<br><br>Adv. No.: _____ |
| JEFFREY I. GOLDEN, solely in his capacity as chapter 7 trustee for the bankruptcy estate of Andrew Grimalda and Margaret Grimalda,<br><br>            Plaintiff,<br><br>      v.<br><br>PROFESSIONAL HEALTHCARE BILLING SERVICES, LLC, a California limited liability company, PROFESSIONAL HEALTHCARE BILLING, INC., a Nevada corporation, TREFRATELLI, LLC (adba TF Financing), a Wyoming limited liability company, DAVANTI, a Nevis, West Indies corporate entity, DAVANTI USA, LLC, a Nevada limited liability company, HORIZON HEALTH ADMINISTRATORS, LLC, a Nevada limited liability company, HORIZON HEALTHCARE BILLING, LLC, a Nevada limited liability company, HORIZON THIRD PARTY ADMINISTRATORS, INC., a California corporation, CENTRE BARRE STUDIOS, LLC (fka Premier Medical Billing, LLC), a Wyoming limited liability company, | **COMPLAINT FOR (1) AVOIDANCE OF FRAUDULENT TRANSFERS, (2) RECOVERY OF AVOIDED TRANSFERS, (3) PRESERVATION OF AVOIDED TRANSFERS, (4) IMPOSITION OF CONSTRUCTIVE TRUST, (5) IMPOSITION OF RESULTING TRUSTS, (6) DECLARATORY JUDGMNET, (7) INJUNCTIVE RELIEF, AND (8) PIERCING THE CORPORATE VEIL AND ALTER EGO**<br><br>Status Conference:<br>Date:   [TBD]<br>Time:   [TBD]<br>Place:  Courtroom 6C<br>       U.S. Bankruptcy Court<br>       411 W. Fourth Street<br>       Santa Ana, CA 92701 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11

HORIZON PHYSICIANS BILLING PVT LTD (aka Horizon BPO Pvt. Ltd.), an Indian entity, COASTAL CREATIVE SERVICES, LLC, a Wyoming limited liability company, HISTORIC ICE HOUSE, LLC, an Arizona limited liability company, PRESTIGE TRUST CO. LTD, a Nevis West Indies company, AMG INTER VIVOS TRUST, THE ESTATE OF MARCELLO GRIMALDA, THE ESTATE OF ANTONIO GRIMALDA, STEVEN BARTLETTE, an individual, MIA LAUREN GROSSMAN, an individual, CHRISTOPHER GRIMALDA, individually and as trustee for the AMG Inter Vivos Trust, MATTHEW GRIMALDA, individually and as trustee for the AMG Inter Vivos Trust, and DEVIN GRIMALDA, individually and as trustee for the AMG Inter Vivos Trust, and DOES 1-10.

Defendants.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff JEFFREY I. GOLDEN respectfully represents and alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  The instant adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (F), (H), and (O).

2.      Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) as this civil proceeding arises under title 11 of the United States Code.

3.      This adversary proceeding arises out of and relates to the above-captioned bankruptcy case (the "Bankruptcy Case").  The Bankruptcy Case is currently pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, before the Honorable Mark S. Wallace.

**STANDING**

4.      Plaintiff JEFFREY I. GOLDEN has standing to bring this action pursuant to 11 U.S.C. §§ 323, 544, 548, 550 and 551.

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# PARTIES

5.      Plaintiff JEFFREY I. GOLDEN (the "Plaintiff" or "Trustee") is the duly appointed, qualified and acting chapter 7 trustee for the bankruptcy estate (the "Estate") of Andrew and Margaret Grimalda (collectively, the "Debtors") in the Bankruptcy Case.

6.      Defendant PROFESSIONAL HEALTHCARE BILLING SERVICES, LLC ("PHBS") is a limited liability company formed under the laws of the State of California with its last known principal place of business in Irvine, California.  PHBS is registered to conduct business in the State of Wyoming and the State of Virginia.  Plaintiff is informed and believes and based thereon alleges that the Debtors, or either of them, established PHBS in or about January 2002.  Plaintiff is further informed and believes and based thereon alleges that the Debtors, or either of them, were at all relevant times the managing member(s) or shareholder(s) and owner(s) of PHBS.

7.      Defendant PROFESSIONAL HEALTHCARE BILLING, INC. ("PHBI"), is a corporation formed under the laws of the State of Nevada with its last known principal place of business in Irvine, California.  Plaintiff is informed and believes and based thereon alleges that the Debtors, or either of them, established PHBI in or about February 2006.  Plaintiff is further informed and believes and based thereon alleges that the Debtors, or either of them, were at all relevant times the managing member(s) or shareholder(s) and owner(s) of PHBI until in or about January 2008, at which time the Debtors transferred their interest in PHBI to Horizon Health Administrators, LLC, Davanti, Inc. and/or Davanti USA, LLC.

8.      Defendant TREFRATELLI, LLC, also doing business as TF Financing ("TreFratelli"), is a limited liability company formed under the laws of the States of Wyoming with its last known principal place of business in Scottsdale, Arizona.  Plaintiff is informed and believes and based thereon alleges that the Debtors established TreFratelli by and through Robert Jackson, the brother of Margaret Grimalda, in or about January 2012.

9.      Defendant DAVANTI, INC. ("Davanti") is a corporate entity formed under the laws of Nevis, West Indies with its principal place of business in Irvine, California.  Plaintiff is informed and believes and based thereon alleges that the Debtors, or either of them, established

608713989.2

1   Davanti in or about 2006.  Plaintiff is further informed and believes and based thereon alleges that

2   Andrew Grimalda ("Andrew") was the sole owner and managing member or shareholder of

3   and/or controlled, directly or indirectly, Davanti at all relevant times.

4           10.     Defendant DAVANTI USA, LLC ("Davanti USA") is a limited liability company

5   formed under the laws of the State of Nevada with its last known principal place of business in

6   Irvine, California.  Plaintiff is informed and believes and based thereon alleges that the Debtors,

7   or either of them, directly or indirectly, established Davanti USA in or about October 2010 for the

8   sole purpose of taking title to certain fraudulently transferred parcels of real property (discussed

9   *infra*).  Plaintiff is informed and believes and based thereon alleges that Davanti USA is a wholly

10  owned subsidiary of Davanti or, alternatively, that Davanti USA has been merged with and all

11  assets and liabilities assumed by Davanti.

12          11.     Defendant HORIZON HEALTH ADMINISTRATORS, LLC ("HHA"), is a

13  limited liability company formed under the laws of the State of Nevada with its last known

14  principal place of business in Irvine, California.  Plaintiff is informed and believes and based

15  thereon alleges that the Debtors, or either of them, established HHA in or about November 2003.

16  Plaintiff is informed and believes and based thereon alleges that HHA is a wholly owned

17  subsidiary of Davanti or, alternatively, that HHA has been merged with and all assets and

18  liabilities assumed by Davanti.

19          12.     Defendant HORIZON HEALTHCARE BILLING, LLC ("HHB"), is a limited

20  liability company formed under the laws of the State of Nevada with its last known principal

21  place of business in Palm Springs, California.  HHB is registered to conduct business in the State

22  of California.  Plaintiff is informed and believes and based thereon alleges that the Debtors, or

23  either of them, established HHB in or about July 2003.  Plaintiff is informed and believes and

24  based thereon alleges that HHB is a wholly owned subsidiary of HHA.

25          13.     Defendant HORIZON THIRD PARTY ADMINISTRATORS, INC. ("HTPA"), is

26  a corporation formed under the laws of the State of California with its last known principal place

27  of business in Palm Springs, California.  Plaintiff is informed and believes and based thereon

28  alleges that the Debtors, or either of them, established HTPA in or about August 2006.  Plaintiff

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  is informed and believes and based thereon alleges that HTPA is a wholly owned subsidiary of

2  HHA.

3        14.    Defendant CENTRE BARRE STUDIOS, LLC, formerly known as Premier

4  Medical Billing, LLC ("CBS"), a limited liability company formed under the laws of the State of

5  Wyoming with its last known principal place of business in South Pasadena, California. CBS is

6  registered to conduct business in the State of California. Plaintiff is informed and believes and

7  based thereon alleges that Andrew and/or Christopher Grimalda established CBS, or its

8  predecessor entity Premier Medical Billing, LLC, in or about June 2014.

9        15.    Defendant HORIZON PHYSICIANS BILLING PVT LTD., also known as

10  Horizon BPO Pvt. Ltd. ("HBPO"), is a corporate entity formed under the laws of India with its

11  last known principal place of business in Palm Springs, California. Plaintiff is informed and

12  believes and based thereon alleges that the Debtors, or either of them, established HTPA in or

13  about August 2006.

14        16.    Defendant COASTAL CREATIVE SERVICES, LLC ("CCS"), is a limited

15  liability company formed under the laws of the State of Wyoming with its principal place of

16  business in South Pasadena, California. Plaintiff is informed and believes and based thereon

17  alleges that the Debtors, or either of them, directly or indirectly, established CCS in or about

18  March 2015.

19        17.    Defendant PRESTIGE TRUST CO. LTD ("Presige") is a corporate entity formed

20  under the laws of Nevis, West Indies with its principal place of business in Nevis. Plaintiff is

21  further informed and believes and based thereon alleges that Defendant STEVEN BARTLETTE

22  ("Mr. Bartlette") is/was an owner and/or managing member or shareholder of Prestige.

23        18.    Defendant HISTORIC ICE HOUSE, LLC ("Historic Ice"), is a limited liability

24  company formed under the laws of the State of Arizona with its last known principal place of

25  business in Coconino, Arizona. Plaintiff is informed and believes and based thereon alleges that

26  Historic Ice is owned, in whole or in part, directly or indirectly, by the Debtors and/or is

27  otherwise affiliated with the Debtors or one of the companies or entities in which the Debtors

28  hold an interest. PHBS, PHBI, TreFratelli, Davanti USA, Davanti, HHA, HHB, HTPA, CBS,

COMPLAINT

HBPO, CCS, Prestige, and Historic Ice may be referred to herein collectively as the "<u>Companies</u>"

and each individually as a "<u>Company</u>". A corporate organizational chart for the Companies is

attached hereto as **Exhibit A** and incorporated herein by reference.

19.     Defendant AMG INTER VIVOS TRUST ("<u>AMG</u>") is an irrevocable inter vivos

trust settled by the Debtors, or either of them. Plaintiff is informed and believes and based

thereon alleges that Andrew is the settlor and debtor Margaret Grimalda ("<u>Ms. Grimalda</u>") is the

sole beneficiary of AMG. Plaintiff is informed and believes and based thereon alleges that at the

time of formation Andrew served as trustee of AMG. Plaintiff is further informed and believes

and based thereon alleges that at present Christopher Grimalda, Matthew Grimalda, and Devon

Grimalda, the Debtors' sons, serve as co-trustees of AMG. Plaintiff is also informed and believes

and based thereon alleges that AMG owns 100% of the outstanding shares or is the sole member

of Davanti and, by extension, is the sole owner of Davanti's subsidiaries—namely, Davanti USA,

HHA, TreFratelli, HTPA, PHBS, PHBI, and HHB.

20.     Defendant THE ESTATE OF MARCELLO GRIMALDA (the "<u>Marcello Estate</u>")

is a probate estate subject to administration under the laws of the State of California. The

decedent, Marcello Grimalda, was the father of Andrew Grimalda. The Trustee is informed and

believes that the Marcello Estate is presently being administered by his children or any of them.

21.     Defendant THE ESTATE OF ANOTONIO GRIMALDA or ANTONIO

GRIMALDI (the "<u>Antonio Estate</u>") is a probate estate subject to administration under the laws of

the State of California. The decedent, Antonio Grimalda, was the uncle of Andrew Grimalda.

The Trustee is informed and believes that Antonio died on or about October 19, 1996, and his

estate was survived by CHRISTINE GRIMALDA, as Surviving Trustee ("Christine"). On or

about September 8, 2008, Christine died. The Trustee is informed and believes that the Antonio

Estate is presently being administered by Michael Mongini, as the successor trustee.

22.     Defendant Mr. Bartlette is an individual and resident of the State of Florida.

Plaintiff is informed and believes and based thereon alleges that Mr. Bartlette is the owner of

Prestige and the manager of Davanti.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

23.     Defendant MIA LAUREN GROSSMAN ("Ms. Grossman") is an individual and

resident of the State of California.  Plaintiff is informed and believes and based thereon alleges

that Ms. Grossman is the Debtors' daughter in law and spouse of CHRISTOPHER GRIMALDA

("Christopher").  Plaintiff is further informed and believes and based thereon alleges that Ms.

Grossman is involved in the management and/or operations of PHBS, TraFratelli and CCS.

24.     Defendant Christopher is an individual and resident of the State of California.

Plaintiff is informed and believes and based thereon alleges that Christopher is the Debtors' son.

Plaintiff is further informed and believes and based thereon alleges that Christopher is co-trustee

of AMG and is involved in the management and/or operations of TreFratelli, CBS, and CCS.

25.     Defendant MATTHEW GRIMALDA ("Matthew") is an individual and resident of

the State of California. Plaintiff is informed and believes and based thereon alleges that Matthew

is the Debtors' son.  Plaintiff is further informed and believes and based thereon alleges that

Matthew is co-trustee of AMG and is involved in the management and/or operations of

TreFratelli.

26.     Defendant DEVIN GRIMALDA ("Devin") is an individual and resident of the

State of California.  Plaintiff is informed and believes and based thereon alleges that Devin is the

Debtors' son.  Plaintiff is further informed and believes and based thereon alleges that Devin is

co-trustee of AMG and is involved in the management and/or operations of TreFratelli.  The

Companies, AMG, the Marcello Estate, Mr. Barlette, Ms. Grossman, Christopher, Matthew, and

Devin may be referred to herein collectively as the "Defendants" and each individually as a

"Defendant".

27.     Plaintiff is informed and believes and based thereon alleges that the Companies are

owned and/or controlled, in whole or in part, directly or indirectly, by the Debtors or either of

them.  Plaintiff is informed and believes and based thereon alleges that each of the Defendants is

responsible in some way for the occurrences herein alleged.  Except as otherwise specified,

Plaintiff is informed and believes and based thereon alleges that at all relevant times each of the

Defendants was the agent, servant, partner, joint venturer, employee, representative and/or alter

ego of each of the remaining Defendants and/or the Debtors and, in doing the acts and things

hereinafter alleged, was at all times acting within the course and scope of said agency or other

relationship and with the permission, consent, approval or subsequent ratification of each of the

remaining Defendants and/or the Debtors.

## GENERAL ALLEGATIONS

**A.    General Background**

28.    Prior to the commencement of the Bankruptcy Case, Andrew owned and operated

companies involved in medical billing through certain corporate entities, including, without

limitation, PHBS.

29.    In or about January 28, 2002, PHBS entered into an agreement to purchase the

assets of an existing medical billing company doing business in Palm Springs, California—

namely, Ackerman & Alliance.

30.    In or about October 2006, Andrew and PHBI began negotiating a deal to acquire

the assets of Tidewater Medical Billing Services, Inc. ("Tidewater"), by among other things,

financing the deal from Tidewater.

31.    In or about January 2007, Andrew and PHBI, on the one hand, and Tidewater, on

the other hand, entered into a purchase agreement for the assets of Tidewater.  As consideration

for the Tidewater acquisition, Andrew, Margaret and PHBI delivered two promissory notes

secured by certain real estate—namely, undeveloped parcels of land identified as MT Konocti

Golf and Country Club, Subdivision Unit 3, Lake County (the "Lake County Properties").

32.    In association with the Tidewater acquisition, PHBI also obtained a Small

Business Association loan (the "Comerica Loan") in the amount of $862,000 from Comerica

Bank ("Comerica"), which Andrew personally guaranteed.  In or about December 2008, PHBI

defaulted under the Tidewater notes and Comerica Loan.

33.    Following the default, PHBS entered into an agreement in or about February 2009

to sell substantially all of its assets to IVolution Medical System, Inc. ("IVolution") in exchange

for approximately $1,600,000 and a portion of the outstanding accounts receivable as of the close

of the sale.  As security for the periodic payments provided under the IVolution sale agreement,

IVolution granted issued a promissory note to PHBS and IVolution's principals personally

- 8 -

COMPLAINT

608713989.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  guaranteed the obligation.  Plaintiff is informed and believes and based thereon alleges that

2  Andrew negotiated and executed the IVolution agreement on behalf of PHBS in his capacity as

3  managing member.

4         34.     Incident to the IVolution transaction, IVolution and Andrew entered into a

5  consulting agreement by which Andrew agreed to provide consulting services to IVolution for the

6  three-year period between February 1, 2009 and January 31, 2012.

7  **B.      Litigation**

8         35.     Despite liquidating the assets of PHBI, the Debtors and PHBI failed or refused to

9  satisfy the Comerica Loan or Tidewater notes.  As a result, litigation by and between the parties

10 to the Tidewater and IVolution transactions ensued.  In or about May 2009, Tidewater filed suit

11 against, among others, the Debtors, HHA and PHBI (the "Tidewater Litigation")—alleging

12 causes of action for breach of contract, conspiracy, tortious interference with contract, and

13 preliminary injunction.  In an apparent response to the Tidewater Litigation, Andrew, HHA and

14 PHBS filed suit against IVolution alleging, among other things, breaches under the IVolution sale

15 agreement and consulting agreement (the "IVolution Litigation").  Andrew, PHBI, and PHBS

16 also filed suit against IVolution and Comerica in a separate action—alleging, among other causes

17 of action, the interference with business and contractual relationships, negligence, and breach of

18 an implied covenant of good faith and fair dealing (the "PHBI Litigation").  Comerica cross-

19 complained in the PHBI Litigation.

20        36.     In or about October 2010, Tidewater and its principal obtained judgments against

21 the Debtors and HHB, jointly and severally, in the approximate amount of $215,000 (the

22 "Tidewater Judgment").

23        37.     In or about May 2012, Comerica, on the one hand, and Andrew, HHA, HHB,

24 PHBI and PHBS, on the other hand, entered into a settlement agreement to resolve the claims in

25 the PHBI lawsuit (the "Comerica Settlement Agreement").  In sum, the Comerica Settlement

26 Agreement provides that Comerica was entitled to the first $200,000 and sixty percent (60%) of

27 the next $315,000 received by Andrew and/or PHBS from IVolution in the PHBI Litigation.

28 Plaintiff is informed and believes and based thereon alleges that Andrew negotiated and executed

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  the Comerica Settlement Agreement individually and in his capacity as managing shareholder

2  and/or member of HHA, HHB, PHBI and PHBS.

3      38.     In or about August 2012, PHBS, HHA, HHB, and Andrew, on the one hand, and

4  IVolution and its principals, on the other hand, entered into a settlement agreement to resolve the

5  claims in the IVolution Litigation and PHBI Litigation (the "IVolution Settlement Agreement"),

6  including, without limitation, the claims Andrew solely held against IVolution for breach of the

7  consulting agreement.  In sum, the IVolution Settlement Agreement provided that IVolution pay

8  PHBS the sum of $850,000 over a period of sixteen (16) years.  Despite the fact that

9  approximately $240,000 of the IVolution settlement was on account of the claims asserted by

10  Andrew for breach of the consulting agreement, Andrew did not directly receive any payments

11  under the IVolution Settlement Agreement.  Plaintiff is informed and believes and based thereon

12  alleges that Andrew purposefully structured the IVolution Settlement Agreement in order to

13  protect the IVolution settlement proceeds from the Tidewater Judgment by directing the same to

14  PHBS—an entity controlled by and the alter ego of the Debtors, as well as the Defendants, but

15  not liable under the Tidewater Judgment.

16      39.     Plaintiff is informed and believes and based thereon alleges that PHBS has

17  received and continues to hold in excess of $200,000 in payments under the IVolution Settlement

18  Agreement, and continues to receive the settlement payments in installment payments of

19  approximately $6,500 on a monthly basis

20  **C.    Fraudulent or Avoidable Transfers**

21      40.     Following the commencement of the Tidewater Litigation, the Debtors began

22  attempting to conceal or otherwise shelter assets and revenues through, among other means, a

23  series of transfers to numerous entities in an apparent effort to frustrate creditors and prevent the

24  collection of any judgments resulting from the litigation.

25      **1.    The Arizona Property**

26      41.     At all relevant times, Antonio Grimalda ("Antonio"), Andrew's uncle, owned an

27  interest in certain real property commonly known as 682 S. Main Street, Camp Verde, Arizona

28  (the "Arizona Property").  Upon his death on October 19, 1996, the Arizona Property was

1  transferred to Christine, as the surviving trustee to the Antonio Estate.    Andrew is a beneficiary

2  of the Antonio Estate and, as such, was entitled to take title to the Arizona Property upon

3  Christine's death.

4       42.      In or about September 8, 2008, Christine pass away.  Upon her death, the Arizona

5  Property passed into Andrew.

6       43.      On or about June 12, 2009 (38 days after the commencement of the Tidewater

7  Litigation), the Antonio Trust transferred title in the Arizona Property to Andrew.  On the same

8  day, Margaret disclaimed any interest in the Arizona Property and, thereafter, Andrew transferred

9  the Arizona Property to HHA.  Plaintiff is informed and believes and based thereon alleges that

10 HHA did not provide any consideration for the Arizona Property.

11      44.      On or about December 19, 2013, HHA transferred the Arizona Property to

12 TreFratelli.  Plaintiff is informed and believes and based thereon alleges that TreFratelli did not

13 provide any consideration for the Arizona Property.  TreFratelli currently holds title to the

14 Arizona Property.

15               **2.      The Lake County Properties**

16      45.      At all relevant times prior to their transfer, the Debtors held title to certain parcels

17 of undeveloped realty identified as MT Konocti Golf and Country Club, Subdivision Unit 3, Lake

18 County, California, APN 440-031-02 and 440-031-03 (the previously defined Lake County

19 Properties).

20      46.      As part of the Tidewater transaction, the Debtors granted Tidewater a security

21 interest in the Lake County Properties.  Following the commencement of the Tidewater

22 Litigation, the Debtors transferred the Lake County Properties to Davanti USA on or about

23 January 5, 2011 without authorization from Tidewater (as required by the Tidewater transactional

24 documents and related agreements).

25      47.      Davanti USA was created solely for the purpose of taking title to the Lake County

26 Properties.  Moreover, Andrew acknowledged that the transfer of the Lake County Properties to

27 Davanti USA was a sham designed to protect the properties from creditors.  Plaintiff is informed

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

1   and believes and based thereon alleges that the transfer of the Lake County Properties to Davanti

2   USA was without consideration.

3       48.    In or about January 3, 2014, Davanti USA transferred the Lake County Properties

4   to TraFratelli.  Plaintiff is informed and believes and based thereon alleges that the transfer of the

5   Lake County Properties to TraFratelli was without consideration.  TraFratelli currently holds title

6   to the Lake County Properties.

7       **3.**      **The Coconino Properties**

8       49.    At all relevant times, Antonio owned an interest in 11.66 acres of undeveloped

9   realty in Coconino County, Arizona, commonly identified as Assessor Parcel Number 204-03-

10  005M and 204-03-005L (the "Coconino Properties").  Plaintiff is informed and believes and

11  based thereon alleges that upon Antonio's death, the Coconino Properties passed into the Antonio

12  Trust for the benefit of Andrew and other third parties as beneficiary of the Antonio Trust.

13      50.    In or about 2011 or 2012, the Antonio Trust transferred the Coconino Properties to

14  Davanti USA.  Plaintiff is informed and believes and based thereon alleges that Andrew

15  orchestrated the transfer from the Coconino Properties from the Antonio Trust directly to Davanti

16  USA—thereby bypassing his rights as a beneficiary of the Antonio Trust—in an effort to insulate

17  the Coconino Properties from the Debtors' creditors, including, without limitation, Tidewater.

18  Plaintiff is informed and believes and based thereon alleges that the transfer of Antonio's interest

19  in the Coconino Properties to Davanti USA was without consideration.

20      51.    On or about July 8, 2011, Davanti USA and Historic Ice House, LLC, an Arizona

21  limited liability company ("Historic Ice"), entered into a co-tenancy agreement (the "Co-Tenancy

22  Agreement") pursuant to which Historic Ice was granted a seventy-five percent (75%) interest in

23  the Coconino Properties and Davanti USA was granted a twenty-five percent (25%) interest in the

24  Coconino Properties.  Pursuant to the Co-Tenancy Agreement, Historic Ice agreed to manage the

25  Coconino properties, and profits therefrom were to be distributed 25% to Davanti USA and 75%

26  to Historic Ice. The Co-Tenancy Agreement was recorded in Coconino County on or about

27  September 2, 2011.

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

608713989.2

1    52.    Plaintiff is informed and believes and based thereon alleges that the transfer of the

2    interest in the Coconino Properties either to Historic Ice or to Davanti USA was without

3    consideration.

4        **4.        The Arizona Parcels**

5    53.    Plaintiff is informed and believes and based thereon alleges that at all relevant

6    times, the Debtors, or either of them, directly or through one or more alter egos, held title or

7    owned an interest in certain parcels described in Instrument No. 3305274 in Coconino County,

8    Arizona (the "Arizona Parcels").

9    54.    On or about June 19, 2012, Andrew, in his capacity are manager of Davanti USA,

10    recorded a quitclaim deed transferring the Arizona Parcels from Davanti USA to TraFratelli.

11    Plaintiff is informed and believes and based thereon alleges that the transfer of the Arizona

12    Parcels to TraFratelli was without consideration.  TraFratelli currently holds title to the Arizona

13    Parcels.

14        **5.        The Riverside Property**

15    55.    Plaintiff is informed and believes and based thereon alleges that at all relevant

16    times, the Debtors, or either of them, directly or through one or more alter egos, held title or

17    owned an interest in certain parcels of real property commonly known as Lot 26 of Tract 30438-2

18    in the City of Palm Desert, County of Riverside, as per map recorded in Book 396 page 82 to 89

19    (the "Riverside Property").

20    56.    On or about January 3, 2014, Davanti transferred an interest in the Riverside

21    Property to TraFratelli.  Plaintiff is informed and believes and based thereon alleges that Davanti

22    (as well as the other Defendants) are alter egos and/or agents of the Debtors.  Plaintiff is further

23    informed and believes and based thereon alleges that Davanti transferred the interest in the

24    Riverside Property to TraFratelli for little, if any, consideration.  TraFratelli currently holds title

25    to the Riverside Property.

26        **6.        The TreFratelli Funds**

27    57.    In addition to transferring interests in real property in an apparent effort to conceal

28    or insulate the property from creditors, Andrew also attempted to conceal funds by depositing

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

608713989.2

COMPLAINT

1  check payable to Andrew in accounts in the name of one of more of the Companies.  More

2  precisely, Andrew deposited checks payable to him in account(s) in the name of TraFratelli (the

3  "TreFratelli Funds"), including, without limitation, the following:

4          a.      Check No. 170 in the amount of $2,000 on or about January 4, 2013;

5          b.      Check No. 1580 in the amount of $3,000 on or about August 2, 2013;

6          c.      An unspecified check in the amount of $7,500 on or about August 2, 2013;

7                      and

8          d.      An unspecified check in the amount of $2,000 on or about February 7,

9                      2014.

10        58.      Plaintiff is informed and believes and based thereon alleges that the TreFratelli

11  Funds constitute monies belonging to Andrew and/or the Debtors.  Plaintiff is also informed and

12  believes and based thereon alleges that the TreFratelli did not provide any consideration in

13  exchange for the TreFratelli Funds.  Plaintiff is further informed and believes and based thereon

14  alleges that Andrew deposited the TreFratelli Funds in the account(s) in the name of TreFratelli in

15  an effort to conceal or insulate the TreFratelli Funds from creditors.

16        **7.**      **IVolution Settlement Payments**

17        59.      In addition to transferring assets, the Debtors, or either of them, improperly

18  transferred interests in the payments under the IVolution Settlement Agreement to PHBS in an

19  apparently effort to insulate these funds from creditors.

20        60.      Under the IVolution Settlement Agreement, IVolution agreed to pay PHBS the

21  sum of $850,000 in full satisfaction of any and all claims by and between IVolution and its

22  principals, on the one hand, and PHBS, HHA, HHB, and Andrew, on the other hand, including,

23  without limitation, the claims asserted by Andrew for breach of the consulting agreement.

24  Andrew testified that the damages associated with the breach of the consulting agreement

25  between Andrew and IVolution were approximately $240,000.  Notwithstanding the foregoing,

26  the IVolution Settlement Agreement released IVolution from the liability to Andrew without

27  providing any distributions to Andrew directly.

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

608713989.2

61.     Plaintiff is informed and believes and based thereon alleges that Andrew negotiated the IVolution Settlement Agreement and structured the same in an effort to protect the payments thereunder from creditors, including, most notably, Tidewater and its principal, which, at the time, held a judgment in the approximate amount of $215,000 against Andrew, Margaret, and HHA, jointly and severally.

62.     Plaintiff is informed and believes and based thereon alleges that Andrew retained the beneficial interest in the payments pursuant to the IVolution Settlement Agreement, in whole or in part, directly or via PHBS.  Plaintiff is further informed and believes and based thereon alleges that Andrew transferred or caused PHBS to transfer or remit certain funds derived from the IVolution Settlement Agreement to Andrew and/or other third parties on his behalf or for his benefit.

**8.     Debtors' Interest in PHBS**

63.     In an apparent effort to further insulate the IVolution settlement proceeds from creditors, Andrew also transferred his interest in PHBS to Davanti—an offshore entity owned and controlled by AMG.

64.     Andrew formed PHBS in or about January 2002.  Plaintiff is informed and believes and based thereon alleges that at all relevant times, Andrew was the sole and managing member of PHBS.  Plaintiff is further informed and believes and based thereon alleges that Andrew controlled, directly or indirectly, PHBS from its creation until in or about 2014.  During this period, Andrew served as the registered agent for service of process for PHBS, reported income from the operations of PHBS (until PHBS ceased operations), executed and filed statements of information on behalf of PHBS, negotiated and executed the IVolution Settlement Agreement on behalf of PHBS, among others, and, in 2013 and 2014, claimed the net operating losses from PHBS on his personal income tax returns.

65.     Andrew claims that in or about February 2006, Andrew transferred his interest in PHBS to HHA pursuant to the Limited Liability Company Ownership Interest Contribution Agreement (the "<u>PHBS Contribution Agreement</u>").  Plaintiff is informed and believes and based thereon alleges that Andrew purposefully back-dated the PHBS Contribution Agreement to

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

608713989.2

February 19, 2006 and/or concealed the purposed transfer of his interest in PHBS in an effort to

frustrated the ability of creditors to collect from the assets of PHBS, including, without limitation,

the IVolution settlement payments.

66.     Plaintiff is informed and believes and based thereon alleges that the transfer of

Andrew's interest in PHBS to HHA was for little, if any, consideration.

67.     Following the transfer for PHBS to HHA, the Debtors transferred any and all

interests in HHA to Davanti.  Plaintiff is informed and believes and based thereon alleges that the

transfer of Debtors' interest in HHA to Davanti was in exchange for all outstanding shares in

Davanti, which, but for the contribution of HHA's asset, had little, if any, value.

68.     Andrew claims that in or about February 2006, the Debtors, or either of them,

transferred their shares in Davanti to AMG.  Plaintiff is further informed and believes and based

thereon alleges that the shares held by AMG constitute all outstanding share in Davanti and, to

the extent there are any additional outstanding shares in Davanti, such shares are held and/or

controlled, directly or indirectly, by the Debtors and/or the Defendants as agents or alter egos for

the Debtors.

## FIRST CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – ARIZONA PROPERTY

### [11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1)]

69.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 69

of this complaint as if fully set forth herein.

70.     The transfer of the Debtors' interest in the Arizona Property to HHA and,

thereafter, to TraFratelli occurred within the four-year period immediately preceding the Petition

Date.

71.     But for the transfer of the Arizona Property, the Debtors' interest in the Arizona

Property would have become an asset of the Estate on the Petition Date.

72.     Plaintiff is informed and believes and based thereon alleges that the Debtors owed

at the time of the transfer of the Arizona Property and/or presently owe certain sums, debts or

obligations to one or more creditors.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

608713989.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

73.    Plaintiff is informed and believes and based thereon alleges that the Debtors intentionally transferred the Property to HHA in an effort to insulate the Property from existing and/or future creditors or to otherwise hinder, delay and/or defraud creditors.

74.    Plaintiff is informed and believes and based thereon alleges that the transfer of the Arizona Property was made to or for the benefit of the Defendants.

75.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them control or own in whole or in part, directly or indirectly, the Defendants and each of them, and, as such, each of the Defendants constitute insiders of the Debtors and vice versa.

76.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them directly or indirectly retained control of the Arizona Property following the subject transfers by virtue of the Debtors' control of or ownership interest in the Defendants and/or beneficial interest in the AMG.

77.    The Debtors did not disclose the transfers of the Arizona Property in their Schedules, Amended Schedules, Statement of Financial Affairs, or Amended Statement of Financial Affairs filed in the Bankruptcy Case.

78.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfer of the Arizona Property.

79.    Plaintiff is informed and believes and based thereon alleges that the Debtors received inadequate, if any, consideration in exchange for the transfer of the Arizona Property to HHA.

80.    Plaintiff is informed and believes and based thereon alleges that HHA did not take title to the Arizona Property and the Debtors did not transfer title to the Arizona Property to HHA in good faith.

81.    Plaintiff is informed and believes and based thereon alleges that HHA transferred the Arizona Property to TreFratelli in an effort to further insulate the Arizona Property from the Debtors' creditors and/or to otherwise further hinder, delay and/or defraud the Debtors' creditors.

82.    Plaintiff is informed and believes and based thereon alleges that HHA transferred the Arizona Property to TreFratelli at the behest or for the benefit of the Debtors.

COMPLAINT

83.    Plaintiff is informed and believes and based thereon alleges that HHA transferred the Arizona Property to TreFratelli for inadequate, if any, consideration.

84.    Plaintiff is informed and believes and based thereon alleges that TreFratelli constitutes a direct or indirect insider of the Debtors and/or vice versa.

85.    Plaintiff is informed and believes and based thereon alleges that the Debtors control or own in whole or in part, directly or indirectly, TreFratelli.

86.    Plaintiff is informed and believes and based thereon alleges that TreFratelli did not take title to the Arizona Property and HHA did not transfer title to the Arizona Property to TreFratelli in good faith.

87.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the Arizona Property is necessary to satisfy the claims asserted by creditors of the Estate.

88.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the Arizona Property to HHA and, thereafter, to TraFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1).

**SECOND CLAIM FOR RELIEF**

**AVOIDANCE OF FRAUDULENT TRANSFER – ARIZONA PROPERTY**

**[11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2)]**

89.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 89 of this complaint as if fully set forth herein.

90.    The transfer of the Arizona Property from the Debtors to HHA and, thereafter, from HHA to TreFratelli occurred within the four-year period immediately preceding the Petition Date.

91.    But for the transfer of the Arizona Property, the Debtors' interest in the Arizona Property would have become an asset of the Estate on the Petition Date.

92.    Plaintiff is informed and believes and based thereon alleges that the Debtors owed at the time of the transfers of the Arizona Property and/or presently owe certain sums, debts or obligations to one or more creditors.

- 18 -

93.     Plaintiff is informed and believes and based thereon alleges that the Debtors received little, if any, consideration in exchange for the transfer of the Arizona Property.

94.     Plaintiff is informed and believes and based thereon alleges that the Debtors transferred the Arizona Property to HHA without consideration in an effort to insulate the Arizona Property from creditors.

95.     Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfer of the Arizona Property.

96.     Plaintiff is informed and believes and based thereon alleges that at the time of the transfer of the Arizona Property, the Debtors intended to incur or believed or reasonably should have believed that they would incur debts beyond their ability to pay as the obligations became due.

97.     Plaintiff is informed and believes and based thereon alleges that HHA did not take title to the Arizona Property and the Debtors did not transfer title to the Arizona Property to HHA in good faith.

98.     Plaintiff is informed and believes and based thereon alleges that TreFratelli did not take title to the Arizona Property and HHA did not transfer title to the Arizona Property to TreFratelli in good faith.

99.     The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the Arizona Property is necessary to satisfy the claims asserted by creditors of the Estate.

100.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the Arizona Property to HHA and, thereafter, to TraFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2).

## THIRD CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – ARIZONA PROPERTY

### [11 U.S.C. § 544 and Cal. Civil Code § 3439.05]

101.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 101 of this complaint as if fully set forth herein.

COMPLAINT

608713989.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1      102.    The transfers of the Arizona Property to HHA and, thereafter, to TraFratelli

2  occurred within the four-year period immediately preceding the Petition Date.

3      103.    But for the transfers of the Arizona Property, the Debtors' interest in the Arizona

4  Property would have become an asset of the Estate on the Petition Date.

5      104.    Plaintiff is informed and believes and based thereon alleges that at the time of the

6  transfers of the Arizona Property the Debtors owed certain sums, debts or obligations to one or

7  more creditors, and that these debts remain due and owing.

8      105.    Plaintiff is informed and believes and based thereon alleges that the Debtors

9  received little, if any, consideration in exchange for the transfers of the Arizona Property.

10      106.    Plaintiff is informed and believes and based thereon alleges that the consideration

11  the Debtors received in exchange for the transfers of the Arizona Property, if any, was less than

12  the reasonably equivalent value for the Arizona Property.

13      107.    Plaintiff is informed and believes and based thereon alleges that the Debtors were

14  insolvent or became insolvent as a result of the transfers of the Arizona Property.

15      108.    Plaintiff is informed and believes and based thereon alleges that HHA did not take

16  title to the Arizona Property and the Debtors did not transfer title to the Arizona Property to HHA

17  in good faith.

18      109.    Plaintiff is informed and believes and based thereon alleges that TreFratelli did not

19  take title to the Arizona Property and HHA did not transfer title to the Arizona Property to

20  TreFratelli in good faith.

21      110.    The total assets of the Estate are insufficient to pay all the claims against the Estate

22  in full.  Recovery of the Arizona Property is necessary to satisfy the claims asserted by creditors

23  of the Estate.

24      111.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the

25  Arizona Property to HHA and, thereafter, to TreFratelli are avoidable pursuant to 11 U.S.C. § 544

26  and Cal. Civil Code § 3439.05.

27  ///

28  ///

COMPLAINT

608713989.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**FOURTH CLAIM FOR RELIEF**

**AVOIDANCE OF FRAUDULENT TRANSFER – LAKE COUNTY PROPERTIES**

**[11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1)]**

112.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 112 of this complaint as if fully set forth herein.

113.    The transfer of the Debtors' interest in the Lake County Properties to Davanti USA and, thereafter, to TraFratelli occurred within the four-year period immediately preceding the Petition Date.

114.    But for the transfer, the Debtors' interest in the Lake County Properties would have become an Estate asset on the Petition Date.

115.    Plaintiff is informed and believes and based thereon alleges that the Debtors owed at the time of the transfers of the Lake County Properties and/or presently owe certain sums, debts or obligations to one or more creditors.

116.    Plaintiff is informed and believes and based thereon alleges that the Debtors intentionally transferred the Lake County Properties to Davanti USA in an effort to insulate the Lake County Properties from existing and/or future creditors or to otherwise hinder, delay and/or defraud creditors.

117.    Plaintiff is informed and believes and based thereon alleges that the transfer of the Lake County Properties was made to or for the benefit of the Defendants.

118.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them control or own in whole or in part, directly or indirectly, the Defendants and each of them, and, as such, each of the Defendants constitute insiders of the Debtors and vice versa.

119.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them directly or indirectly retained control of the Lake County Properties following the transfers by virtue of the Debtors' control or ownership interest in the Defendants and/or beneficial interest in the AMG.

608713989.2

COMPLAINT

1    120.    The Debtors did not disclose the transfer of the Lake County Properties in their

2    Schedules, Amended Schedules, Statement of Financial Affairs, or Amended Statement of

3    Financial Affairs filed in the Bankruptcy Case.

4    121.    Plaintiff is informed and believes and based thereon alleges that the Debtors were

5    insolvent or became insolvent as a result of the transfers of the Lake County Properties.

6    122.    Plaintiff is informed and believes and based thereon alleges that the Debtors

7    received inadequate, if any, consideration in exchange for the transfer of the Lake County

8    Properties to Davanti USA.

9    123.    Plaintiff is informed and believes and based thereon alleges that Davanti USA did

10    not take title to the Lake County Properties and the Debtors did not transfer title to the Lake

11    County Properties to Davanti USA in good faith.

12    124.    Plaintiff is informed and believes and based thereon alleges that Davanti USA

13    transferred the Lake County Properties to TreFratelli in an effort to further insulate the Lake

14    County Properties from the Debtors' creditors and/or to otherwise further hinder, delay and/or

15    defraud the Debtors' creditors.

16    125.    Plaintiff is informed and believes and based thereon alleges that Davanti USA

17    transferred the Lake County Properties to TreFratelli at the behest or for the benefit of the

18    Debtors.

19    126.    Plaintiff is informed and believes and based thereon alleges that Davanti USA

20    transferred the Lake County Properties to TreFratelli for inadequate, if any, consideration.

21    127.    Plaintiff is informed and believes and based thereon alleges that TreFratelli

22    constitutes a direct or indirect insider of the Debtors and/or vice versa.

23    128.    Plaintiff is informed and believes and based thereon alleges that the Debtors

24    control or own in whole or in part, directly or indirectly, TreFratelli.

25    129.    Plaintiff is informed and believes and based thereon alleges that TreFratelli did not

26    take title to the Lake County Properties and Davanti USA did not transfer title to the Lake County

27    Properties to TreFratelli in good faith.

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

608713989.2

COMPLAINT

130.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the Lake County Properties is necessary to satisfy the claims asserted by creditors of the Estate.

131.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the Lake County Properties to Davanti USA and, thereafter, to TreFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1).

## FIFTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – LAKE COUNTY PROPERTIES

### [11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2)]

132.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 132 of this complaint as if fully set forth herein.

133.    The transfers of the Lake County Properties to Davanti USA and, thereafter, to TraFratelli occurred within the four-year period immediately preceding the Petition Date.

134.    But for the transfers, the Debtors' interest in the Lake County Properties would have become an Estate asset on the Petition Date.

135.    Plaintiff is informed and believes and based thereon alleges that the Debtors owed at the time of the transfers of the Lake County Properties and/or presently owe certain sums, debts or obligations to one or more creditors.

136.    Plaintiff is informed and believes and based thereon alleges that the Debtors received little, if any, consideration in exchange for the transfers of the Lake County Properties.

137.    Plaintiff is informed and believes and based thereon alleges that the Debtors transferred the Lake County Properties to Davanti without consideration in an effort to insulate the Lake County Properties from creditors.

138.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfers of the Lake County Properties.

139.    Plaintiff is informed and believes and based thereon alleges that at the time of the transfers of the Lake County Properties, the Debtors intended to incur, or believed or reasonably

1  should have believed that they would incur debts beyond their ability to pay as the obligations

2  became due.

3      140.    Plaintiff is informed and believes and based thereon alleges that Davanti USA did

4  not take title to the Lake County Properties and the Debtors did not transfer title to the Lake

5  County Properties to Davanti USA in good faith.

6      141.    Plaintiff is informed and believes and based thereon alleges that TreFratelli did not

7  take title to the Lake County Properties and Davanti USA did not transfer title to the Lake County

8  Properties to TreFratelli in good faith.

9      142.    The total assets of the Estate are insufficient to pay all the claims against the Estate

10 in full.  Recovery of the Lake County Properties is necessary to satisfy the claims asserted by

11 creditors of the Estate.

12     143.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the

13 Lake County Properties to Davanti USA and, thereafter, to TreFratelli are avoidable pursuant to

14 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2).

15                        **SIXTH CLAIM FOR RELIEF**

16     **AVOIDANCE OF FRAUDULENT TRANSFER – LAKE COUNTY PROPERTIES**

17              **[11 U.S.C. § 544 and Cal. Civil Code § 3439.05]**

18     144.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

19 144 of this complaint as if fully set forth herein.

20     145.    The transfers of the Lake County Properties to Davanti USA and, thereafter, to

21 TraFratelli occurred within the four-year period immediately preceding the Petition Date.

22     146.    But for the transfers, the Debtors' interest in the Lake County Properties would

23 have become an Estate asset on the Petition Date.

24     147.    Plaintiff is informed and believes and based thereon alleges that at the time of the

25 transfers of the Lake County Properties the Debtors owed certain sums, debts or obligations to

26 one or more creditors, and that these debts remain due and owing.

27     148.    Plaintiff is informed and believes and based thereon alleges that the Debtors

28 received little, if any, consideration in exchange for the transfers of the Lake County Properties.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

149.    Plaintiff is informed and believes and based thereon alleges that the consideration the Debtors received in exchange for the transfers of the Lake County Properties, if any, was less than the reasonably equivalent value for the Lake County Properties.

150.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfers of the Lake County Properties.

151.    Plaintiff is informed and believes and based thereon alleges that Davanti USA did not take title to the Lake County Properties and the Debtors did not transfer title to the Lake County Properties to Davanti USA in good faith.

152.    Plaintiff is informed and believes and based thereon alleges that TreFratelli did not take title to the Lake County Properties and Davanti USA did not transfer title to the Lake County Properties to TreFratelli in good faith.

153.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the Lake County Properties is necessary to satisfy the claims asserted by creditors of the Estate.

154.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the Lake County Properties to Davanti USA and, thereafter, to TreFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.05.

## SEVENTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – COCONINO PROPERTIES

**[11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1)]**

155.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 155 of this complaint as if fully set forth herein.

156.    The transfer of the Debtors' interest in the Coconino Properties to Davanti USA and, thereafter, to Historic Ice, in part, occurred within the four-year period immediately preceding the Petition Date.

157.    But for the transfer, the Debtors' interest in the Coconino Properties would have become an Estate asset on the Petition Date.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

158.    Plaintiff is informed and believes and based thereon alleges that the Debtors owed at the time of the transfers of the Coconino Properties and/or presently owe certain sums, debts or obligations to one or more creditors.

159.    Plaintiff is informed and believes and based thereon alleges that the Debtors intentionally transferred their interest in the Coconino Properties to Davanti USA in an effort to insulate the Coconino Properties from existing and/or future creditors or to otherwise hinder, delay and/or defraud creditors.

160.    Plaintiff is informed and believes and based thereon alleges that the transfer of the Debtors' interest in the Coconino Properties was made to or for the benefit of the Defendants.

161.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them control or own in whole or in part, directly or indirectly, the Defendants and each of them, and, as such, each of the Defendants constitute insiders of the Debtors and vice versa.

162.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them directly or indirectly retained control of the Coconino Properties following the transfers by virtue of the Debtors' control or ownership interest in the Defendants and/or beneficial interest in the AMG.

163.    The Debtors did not disclose the transfer of the Coconino Properties in their Schedules, Amended Schedules, Statement of Financial Affairs, or Amended Statement of Financial Affairs filed in the Bankruptcy Case.

164.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfers of the Coconino Properties.

165.    Plaintiff is informed and believes and based thereon alleges that the Debtors received inadequate, if any, consideration in exchange for the transfer of the Coconino Properties to Davanti USA.

166.    Plaintiff is informed and believes and based thereon alleges that Davanti USA did not take title to the Coconino Properties in good faith.

167.    Plaintiff is informed and believes and based thereon alleges that Davanti USA transferred an interest in the Coconino Properties to Historic Ice in an effort to further insulate the

COMPLAINT

608713989.2

Coconino Properties from the Debtors' creditors and/or to otherwise further hinder, delay and/or defraud the Debtors' creditors.

168.    Plaintiff is informed and believes and based thereon alleges that Davanti USA transferred the Coconino Properties to Historic Ice at the behest or for the benefit of the Debtors.

169.    Plaintiff is informed and believes and based thereon alleges that Davanti USA transferred the Coconino Properties to Historic Ice for inadequate, if any, consideration.

170.    Plaintiff is informed and believes and based thereon alleges that Davanti USA and Historic Ice constitutes a direct or indirect insider of the Debtors and/or vice versa.

171.    Plaintiff is informed and believes and based thereon alleges that the Debtors control or own in whole or in part, directly or indirectly, Davanti USA and Historic Ice.

172.    Plaintiff is informed and believes and based thereon alleges that Historic Ice did not take title to an interest in the Coconino Properties and Davanti USA did not transfer title to an interest in the Coconino Properties to Historic Ice in good faith.

173.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the Coconino Properties is necessary to satisfy the claims asserted by creditors of the Estate.

174.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the Coconino Properties, or an interest therein, to Davanti USA and, thereafter, to Historic Ice are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1).

### EIGHTH CLAIM FOR RELIEF

**AVOIDANCE OF FRAUDULENT TRANSFER – COCONINO PROPERTIES**

**[11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2)]**

175.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 175 of this complaint as if fully set forth herein.

176.    The transfers of the Debtors' interest in Coconino Properties, or any portion thereof, to Davanti USA and, thereafter, to Historic Ice occurred within the four-year period immediately preceding the Petition Date.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

608713989.2

177.    But for the transfers, the Debtors' interest in the Coconino Properties would have become an Estate asset on the Petition Date.

178.    Plaintiff is informed and believes and based thereon alleges that the Debtors owed at the time of the transfers of their interest in the Coconino Properties and/or presently owe certain sums, debts or obligations to one or more creditors.

179.    Plaintiff is informed and believes and based thereon alleges that the Debtors received little, if any, consideration in exchange for the transfers of their interest in the Coconino Properties.

180.    Plaintiff is informed and believes and based thereon alleges that the Debtors transferred their interest in the Coconino Properties to Davanti without consideration in an effort to insulate the Coconino Properties from creditors.

181.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfer of their interest in the Coconino Properties.

182.    Plaintiff is informed and believes and based thereon alleges that at the time of the transfers of the Coconino Properties, the Debtors intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as the obligations became due.

183.    Plaintiff is informed and believes and based thereon alleges that Davanti USA did not take title to the Coconino Properties in good faith.

184.    Plaintiff is informed and believes and based thereon alleges that Historic Ice did not take title to an interest in the Coconino Properties and Davanti USA did not transfer title to an interest in the Coconino Properties to Historic Ice in good faith.

185.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the Coconino Properties is necessary to satisfy the claims asserted by creditors of the Estate.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

608713989.2

COMPLAINT

1   186.   By reason of the foregoing, Plaintiff respectfully submits that the transfers of the

2   Debtors' interest, or a portion thereof, in Coconino Properties to Davanti USA and, thereafter, to

3   TreFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2).

4

5   **NINTH CLAIM FOR RELIEF**

6   **AVOIDANCE OF FRAUDULENT TRANSFER – COCONINO PROPERTIES**

7   **[11 U.S.C. § 544 and Cal. Civil Code § 3439.05]**

8   187.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

9   187 of this complaint as if fully set forth herein.

10   188.   The transfers of the Debtors' interest in the Coconino Properties to Davanti USA

11   and, thereafter, to Historic Ice occurred within the four-year period immediately preceding the

12   Petition Date.

13   189.   But for the transfers, the Debtors' interest in the Coconino Properties would have

14   become an Estate asset on the Petition Date.

15   190.   Plaintiff is informed and believes and based thereon alleges that at the time of the

16   transfers of the Coconino Properties, or any interest therein, the Debtors owed certain sums, debts

17   or obligations to one or more creditors, and that these debts remain due and owing.

18   191.   Plaintiff is informed and believes and based thereon alleges that the Debtors

19   received little, if any, consideration in exchange for their interest in the Coconino Properties.

20   192.   Plaintiff is informed and believes and based thereon alleges that the consideration

21   the Debtors received in exchange for their interest in the Coconino Properties, if any, was less

22   than the reasonably equivalent value for such interest.

23   193.   Plaintiff is informed and believes and based thereon alleges that the Debtors were

24   insolvent or became insolvent as a result of the transfer of their interest in the Coconino

25   Properties.

26   194.   Plaintiff is informed and believes and based thereon alleges that Davanti USA did

27   not take title to the Coconino Properties in good faith.

28

COMPLAINT

608713989.2

195.    Plaintiff is informed and believes and based thereon alleges that Historic Ice did not take title to an interest in the Coconino Properties and Davanti USA did not transfer title to an interest in the Coconino Properties to Historic Ice in good faith.

196.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the Coconino Properties is necessary to satisfy the claims asserted by creditors of the Estate.

197.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the Coconino Properties, or any interest therein, to Davanti USA and, thereafter, to Historic Ice are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.05.

## TENTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – ARIZONA PARCELS

### [11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1)]

198.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 198 of this complaint as if fully set forth herein.

199.    The transfer of the Debtors' interest in the Arizona Parcels to Davanti USA and, thereafter, to TraFratelli occurred within the four-year period immediately preceding the Petition Date.

200.    But for the transfer, the Debtors' interest in the Arizona Parcels would have become an Estate asset on the Petition Date.

201.    Plaintiff is informed and believes and based thereon alleges that the Debtors owed at the time of the transfers of the Arizona Parcels and/or presently owe certain sums, debts or obligations to one or more creditors.

202.    Plaintiff is informed and believes and based thereon alleges that the Debtors intentionally transferred the Arizona Parcels to Davanti USA in an effort to insulate the Arizona Parcels from existing and/or future creditors or to otherwise hinder, delay and/or defraud creditors.

203.    Plaintiff is informed and believes and based thereon alleges that the transfer of the Arizona Parcels was made to or for the benefit of the Defendants.

COMPLAINT

608713989.2

204.     Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them control or own in whole or in part, directly or indirectly, the Defendants and each of them, and, as such, each of the Defendants constitute insiders of the Debtors and vice versa.

205.     Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them directly or indirectly retained control of the Arizona Parcels following the transfers by virtue of the Debtors' control or ownership interest in the Defendants and/or beneficial interest in the AMG.

206.     The Debtors did not disclose the transfer of the Arizona Parcels in their Schedules, Amended Schedules, Statement of Financial Affairs, or Amended Statement of Financial Affairs filed in the Bankruptcy Case.

207.     Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfers of the Arizona Parcels.

208.     Plaintiff is informed and believes and based thereon alleges that the Debtors received inadequate, if any, consideration in exchange for the transfer of the Arizona Parcels to Davanti USA.

209.     Plaintiff is informed and believes and based thereon alleges that Davanti USA did not take title to the Arizona Parcels and the Debtors did not transfer title to the Arizona Parcels to Davanti USA in good faith.

210.     Plaintiff is informed and believes and based thereon alleges that Davanti USA transferred the Arizona Parcels to TreFratelli in an effort to further insulate the Arizona Parcels from the Debtors' creditors and/or to otherwise further hinder, delay and/or defraud the Debtors' creditors.

211.     Plaintiff is informed and believes and based thereon alleges that Davanti USA transferred the Arizona Parcels to TreFratelli at the behest or for the benefit of the Debtors.

212.     Plaintiff is informed and believes and based thereon alleges that Davanti USA transferred the Arizona Parcels to TreFratelli for inadequate, if any, consideration.

213.     Plaintiff is informed and believes and based thereon alleges that TreFratelli constitutes a direct or indirect insider of the Debtors and/or vice versa.

608713989.2

COMPLAINT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

214.    Plaintiff is informed and believes and based thereon alleges that the Debtors control or own in whole or in part, directly or indirectly, TreFratelli.

215.    Plaintiff is informed and believes and based thereon alleges that TreFratelli did not take title to the Arizona Parcels and Davanti USA did not transfer title to the Arizona Parcels to TreFratelli in good faith.

216.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the Arizona Parcels is necessary to satisfy the claims asserted by creditors of the Estate.

217.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the Debtors' interests in the Arizona Parcels to Davanti USA and, thereafter, to TreFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1).

## ELEVENTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – ARIZONA PARCELS

**[11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2)]**

218.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 218 of this complaint as if fully set forth herein.

219.    The transfers of the Debtors' interest in the Arizona Parcels to Davanti USA and, thereafter, to TraFratelli occurred within the four-year period immediately preceding the Petition Date.

220.    But for the transfers, the Debtors' interest in the Arizona Parcels would have become an Estate asset on the Petition Date.

221.    Plaintiff is informed and believes and based thereon alleges that the Debtors owed at the time of the transfers of the Arizona Parcels and/or presently owe certain sums, debts or obligations to one or more creditors.

222.    Plaintiff is informed and believes and based thereon alleges that the Debtors received little, if any, consideration in exchange for the transfers of the Arizona Parcels.

COMPLAINT

608713989.2

223.     Plaintiff is informed and believes and based thereon alleges that the Debtors transferred the Arizona Parcels to Davanti USA without consideration in an effort to insulate the Arizona Parcels from creditors.

224.     Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfers of the Arizona Parcels.

225.     Plaintiff is informed and believes and based thereon alleges that at the time of the transfers of the Arizona Parcels, the Debtors intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as the obligations became due.

226.     Plaintiff is informed and believes and based thereon alleges that Davanti USA did not take title to the Arizona Parcels and the Debtors did not transfer title to the Arizona Parcels to Davanti USA in good faith.

227.     Plaintiff is informed and believes and based thereon alleges that TreFratelli did not take title to the Arizona Parcels and Davanti USA did not transfer title to the Arizona Parcels to TreFratelli in good faith.

228.     The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the Arizona Parcels is necessary to satisfy the claims asserted by creditors of the Estate.

229.     By reason of the foregoing, Plaintiff respectfully submits that the transfers of the Debtors' interest in the Arizona Parcels to Davanti USA and, thereafter, to TreFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2).

## TWELFTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – ARIZONA PARCELS

### [11 U.S.C. § 544 and Cal. Civil Code § 3439.05]

230.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 230 of this complaint as if fully set forth herein.

608713989.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

231.   The transfers of the Debtors' interest in the Arizona Parcels to Davanti USA and, thereafter, to TraFratelli occurred within the four-year period immediately preceding the Petition Date.

232.   But for the transfers, the Debtors' interest in the Arizona Parcels would have become an Estate asset on the Petition Date.

233.   Plaintiff is informed and believes and based thereon alleges that at the time of the transfers of the Arizona Parcels the Debtors owed certain sums, debts or obligations to one or more creditors, and that these debts remain due and owing.

234.   Plaintiff is informed and believes and based thereon alleges that the Debtors received little, if any, consideration in exchange for the transfers of the Arizona Parcels.

235.   Plaintiff is informed and believes and based thereon alleges that the consideration the Debtors received in exchange for the transfers of the Arizona Parcels, if any, was less than the reasonably equivalent value for the Arizona Parcels.

236.   Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfers of the Arizona Parcels.

237.   Plaintiff is informed and believes and based thereon alleges that Davanti USA did not take title to the Arizona Parcels and the Debtors did not transfer title to the Arizona Parcels to Davanti USA in good faith.

238.   Plaintiff is informed and believes and based thereon alleges that TreFratelli did not take title to the Arizona Parcels and Davanti USA did not transfer title to the Arizona Parcels to TreFratelli in good faith.

239.   The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the Arizona Parcels is necessary to satisfy the claims asserted by creditors of the Estate.

240.   By reason of the foregoing, Plaintiff respectfully submits that the transfers of the Debtors' interest in the Arizona Parcels to Davanti USA and, thereafter, to TreFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.05.

COMPLAINT
608713989.2

# THIRTEENTH CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER – THE RIVERSIDE PROPERTY

### [11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1)]

241.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 241 of this complaint as if fully set forth herein.

242.    The transfer of the Debtors' interest in the Riverside Property to Davanti and, thereafter, to TraFratelli occurred within the four-year period immediately preceding the Petition Date.

243.    But for the transfer, the Debtors' interest in the Riverside Property would have become an Estate asset on the Petition Date.

244.    Plaintiff is informed and believes and based thereon alleges that the Debtors owed at the time of the transfers of the Riverside Property and/or presently owe certain sums, debts or obligations to one or more creditors.

245.    Plaintiff is informed and believes and based thereon alleges that the Debtors intentionally transferred the Riverside Property to Davanti in an effort to insulate the Riverside Property from existing and/or future creditors or to otherwise hinder, delay and/or defraud creditors.

246.    Plaintiff is informed and believes and based thereon alleges that the transfer of the Riverside Property was made to or for the benefit of the Defendants.

247.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them control or own in whole or in part, directly or indirectly, the Defendants and each of them, and, as such, each of the Defendants constitute insiders of the Debtors and vice versa.

248.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them directly or indirectly retained control of the Riverside Property following the transfers by virtue of the Debtors' control or ownership interest in the Defendants and/or beneficial interest in the AMG.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

249.    The Debtors did not disclose the transfer of the Riverside Property in their Schedules, Amended Schedules, Statement of Financial Affairs, or Amended Statement of Financial Affairs filed in the Bankruptcy Case.

250.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfers of the Riverside Property.

251.    Plaintiff is informed and believes and based thereon alleges that the Debtors received inadequate, if any, consideration in exchange for the transfer of the Riverside Property to Davanti.

252.    Plaintiff is informed and believes and based thereon alleges that Davanti did not take title to the Riverside Property and the Debtors did not transfer title to the Riverside Property to Davanti in good faith.

253.    Plaintiff is informed and believes and based thereon alleges that Davanti transferred the Riverside Property to TreFratelli in an effort to further insulate the Riverside Property from the Debtors' creditors and/or to otherwise further hinder, delay and/or defraud the Debtors' creditors.

254.    Plaintiff is informed and believes and based thereon alleges that Davanti transferred the Riverside Property to TreFratelli at the behest or for the benefit of the Debtors.

255.    Plaintiff is informed and believes and based thereon alleges that Davanti transferred the Riverside Property to TreFratelli for inadequate, if any, consideration.

256.    Plaintiff is informed and believes and based thereon alleges that TreFratelli constitutes a direct or indirect insider of the Debtors and/or vice versa.

257.    Plaintiff is informed and believes and based thereon alleges that the Debtors control or own in whole or in part, directly or indirectly, TreFratelli.

258.    Plaintiff is informed and believes and based thereon alleges that TreFratelli did not take title to the Riverside Property and Davanti did not transfer title to the Riverside Property to TreFratelli in good faith.

COMPLAINT

608713989.2

259.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the Riverside Property is necessary to satisfy the claims asserted by creditors of the Estate.

260.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the Debtors' interests in the Riverside Property to Davanti and, thereafter, to TreFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1).

## FOURTEENTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – THE RIVERSIDE PROPERTY

### [11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2)]

261.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 261 of this complaint as if fully set forth herein.

262.    The transfers of the Debtors' interest in the Riverside Property to Davanti and, thereafter, to TraFratelli occurred within the four-year period immediately preceding the Petition Date.

263.    But for the transfers, the Debtors' interest in the Riverside Property would have become an Estate asset on the Petition Date.

264.    Plaintiff is informed and believes and based thereon alleges that the Debtors owed at the time of the transfers of the Riverside Property and/or presently owe certain sums, debts or obligations to one or more creditors.

265.    Plaintiff is informed and believes and based thereon alleges that the Debtors received little, if any, consideration in exchange for the transfers of the Riverside Property.

266.    Plaintiff is informed and believes and based thereon alleges that the Debtors transferred the Riverside Property to Davanti without consideration in an effort to insulate the Riverside Property from creditors.

267.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfers of the Riverside Property.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

608713989.2

268.    Plaintiff is informed and believes and based thereon alleges that at the time of the transfers of the Riverside Property, the Debtors intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as the obligations became due.

269.    Plaintiff is informed and believes and based thereon alleges that Davanti did not take title to the Riverside Property and the Debtors did not transfer title to the Riverside Property to Davanti in good faith.

270.    Plaintiff is informed and believes and based thereon alleges that TreFratelli did not take title to the Riverside Property and Davanti did not transfer title to the Riverside Property to TreFratelli in good faith.

271.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the Riverside Property is necessary to satisfy the claims asserted by creditors of the Estate.

272.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the Debtors' interest in the Riverside Property to Davanti and, thereafter, to TreFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2).

## FIFTEENTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – THE RIVERSIDE PROPERTY

### [11 U.S.C. § 544 and Cal. Civil Code § 3439.05]

273.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 273 of this complaint as if fully set forth herein.

274.    The transfers of the Debtors' interest in the Riverside Property to Davanti and, thereafter, to TraFratelli occurred within the four-year period immediately preceding the Petition Date.

275.    But for the transfers, the Debtors' interest in the Riverside Property would have become an Estate asset on the Petition Date.

COMPLAINT

608713989.2

276.    Plaintiff is informed and believes and based thereon alleges that at the time of the transfers of the Riverside Property the Debtors owed certain sums, debts or obligations to one or more creditors, and that these debts remain due and owing.

277.    Plaintiff is informed and believes and based thereon alleges that the Debtors received little, if any, consideration in exchange for the transfers of the Riverside Property.

278.    Plaintiff is informed and believes and based thereon alleges that the consideration the Debtors received in exchange for the transfers of the Riverside Property, if any, was less than the reasonably equivalent value for the Riverside Property.

279.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfers of the Riverside Property.

280.    Plaintiff is informed and believes and based thereon alleges that Davanti did not take title to the Riverside Property and the Debtors did not transfer title to the Riverside Property to Davanti in good faith.

281.    Plaintiff is informed and believes and based thereon alleges that TreFratelli did not take title to the Riverside Property and Davanti did not transfer title to the Riverside Property to TreFratelli in good faith.

282.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the Riverside Property is necessary to satisfy the claims asserted by creditors of the Estate.

283.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the Debtors' interest in the Riverside Property to Davanti and, thereafter, to TreFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.05.

## SIXTEENTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – TRAFRATELLI FUNDS

### [11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1)]

284.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 284 of this complaint as if fully set forth herein.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

608713989.2

285.    The transfer of the Debtors' interest in the TreFratelli Funds via depositing the same into account(s) in the name of TreFratelli occurred within the four-year period immediately preceding the Petition Date.

286.    But for the transfer, the Debtors' interest in the TreFratelli Funds would have become an Estate asset on the Petition Date.

287.    Plaintiff is informed and believes and based thereon alleges that the Debtors owed at the time of the transfers of the Debtors' interest in the TreFratelli Funds and/or presently owe certain sums, debts or obligations to one or more creditors.

288.    Plaintiff is informed and believes and based thereon alleges that the Debtors intentionally transferred the TreFratelli Funds to TreFratelli in an effort to insulate the funds from existing and/or future creditors or to otherwise hinder, delay and/or defraud creditors.

289.    Plaintiff is informed and believes and based thereon alleges that the transfer of the TreFratteli Funds was made to or for the benefit of the Defendants.

290.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them control or own in whole or in part, directly or indirectly, the Defendants and each of them, and, as such, each of the Defendants constitute insiders of the Debtors and vice versa.

291.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them directly or indirectly retained control of the TreFratteli Funds following the transfers by virtue of the Debtors' control or ownership interest in the Defendants and/or beneficial interest in the AMG.

292.    The Debtors did not disclose the transfer of the TreFratelli Funds in their Schedules, Amended Schedules, Statement of Financial Affairs, or Amended Statement of Financial Affairs filed in the Bankruptcy Case.

293.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfers of the TreFratelli Funds.

294.    Plaintiff is informed and believes and based thereon alleges that the Debtors received inadequate, if any, consideration in exchange for the transfer of the TreFratelli Funds.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

608713989.2

295.    Plaintiff is informed and believes and based thereon alleges that TreFratelli did not take title to the TreFratelli Funds and the Debtors did not transfer title to the TreFratelli Funds to TreFratelli in good faith.

296.    Plaintiff is informed and believes and based thereon alleges that TreFratelli constitutes a direct or indirect insider of the Debtors and/or vice versa.

297.    Plaintiff is informed and believes and based thereon alleges that the Debtors control or own in whole or in part, directly or indirectly, TreFratelli.

298.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the TreFratelli Funds is necessary to satisfy the claims asserted by creditors of the Estate.

299.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the Debtors' interests in the TreFratelli Funds to TreFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1).

## SEVENTEENTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – TRAFRATELLI FUNDS

### [11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2)]

300.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 300 of this complaint as if fully set forth herein.

301.    The transfers of the Debtors' interest in the TreFratelli Funds to TraFratelli occurred within the four-year period immediately preceding the Petition Date.

302.    But for the transfers, the TreFratelli Funds would have become an Estate asset on the Petition Date.

303.    Plaintiff is informed and believes and based thereon alleges that the Debtors owed at the time of the transfers of the TreFratelli Funds and/or presently owe certain sums, debts or obligations to one or more creditors.

304.    Plaintiff is informed and believes and based thereon alleges that the Debtors received little, if any, consideration in exchange for the transfers of the TreFratelli Funds.

COMPLAINT

608713989.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

305.    Plaintiff is informed and believes and based thereon alleges that the Debtors transferred the TreFratelli Funds to TreFratelli without consideration in an effort to insulate the TreFratelli Funds from creditors.

306.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the transfers of the TreFratelli Funds.

307.    Plaintiff is informed and believes and based thereon alleges that at the time of the transfers of the TreFratelli Funds, the Debtors intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as the obligations became due.

308.    Plaintiff is informed and believes and based thereon alleges that TreFratelli did not take title to the TreFratelli Funds and the Debtors did not transfer title to the TreFratelli Funds to TreFratelli in good faith.

309.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the TreFratelli Funds is necessary to satisfy the claims asserted by creditors of the Estate.

310.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the TreFratelli Funds to TreFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2).

**EIGHTEENTH CLAIM FOR RELIEF**

**AVOIDANCE OF FRAUDULENT TRANSFER – TRAFRATELLI FUNDS**

**[11 U.S.C. § 544 and Cal. Civil Code § 3439.05]**

311.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 311 of this complaint as if fully set forth herein.

312.    The transfers of the TreFratelli Funds to TraFratelli occurred within the four-year period immediately preceding the Petition Date.

313.    But for the transfers, the TreFratelli Funds would have become an Estate asset on the Petition Date.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

608713989.2

1       314.    Plaintiff is informed and believes and based thereon alleges that at the time of the

2   transfers of the TreFratelli Funds the Debtors owed certain sums, debts or obligations to one or

3   more creditors, and that these debts remain due and owing.

4       315.    Plaintiff is informed and believes and based thereon alleges that the Debtors

5   received little, if any, consideration in exchange for the transfers of the TreFratelli Funds.

6       316.    Plaintiff is informed and believes and based thereon alleges that the consideration

7   the Debtors received in exchange for the transfers of the TreFratelli Funds, if any, was less than

8   the reasonably equivalent value for the TreFratelli Funds.

9       317.    Plaintiff is informed and believes and based thereon alleges that the Debtors were

10  insolvent or became insolvent as a result of the transfers of the TreFratelli Funds.

11      318.    Plaintiff is informed and believes and based thereon alleges that TreFratelli did not

12  take title to the TreFratelli Funds and the Debtors did not transfer title to the TreFratelli Funds to

13  TreFratelli in good faith.

14      319.    The total assets of the Estate are insufficient to pay all the claims against the Estate

15  in full.  Recovery of the TreFratelli Funds is necessary to satisfy the claims asserted by creditors

16  of the Estate.

17      320.    By reason of the foregoing, Plaintiff respectfully submits that the transfers of the

18  TreFratelli Funds to TreFratelli are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code §

19  3439.05.

20  **NINETEENTH CLAIM FOR RELIEF**

21  **AVOIDANCE OF FRAUDULENT TRANSFER – IVOLUTION PAYMENTS**

22  **[11 U.S.C. § 544 and Cal. Civil Code 3439.04(a)(1)]**

23      321.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

24  321 of this complaint as if fully set forth herein.

25      322.    The transfer of Andrew's interest in the IVolution settlement payments to PHBS or

26  relinquishment of the same via the IVolution Settlement Agreement (the "IVolution Transfer")

27  occurred within the four-year period immediately preceding the Petition Date.

28

COMPLAINT

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

323.    But for the IVolution Transfer, Andrew's interest in the IVolution settlement proceeds would have become an Estate asset on the Petition Date.

324.    Plaintiff is informed and believes and based thereon alleges that the Debtors owed at the time of the IVolution Transfer and/or presently owe certain sums, debts or obligations to one or more creditors.

325.    Plaintiff is informed and believes and based thereon alleges that the Debtors intentionally transferred Andrew's interest in the iVoluntion settlement proceeds to PHBS in an effort to insulate the funds from existing and/or future creditors or to otherwise hinder, delay and/or defraud creditors.

326.    Plaintiff is informed and believes and based thereon alleges that the transfer of Andrew's interest in the IVolution settlement proceeds to PHBS was made to or for the benefit of the Defendants and/or Debtors.

327.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them control or own in whole or in part, directly or indirectly, the Defendants and each of them, and, as such, each of the Defendants constitute insiders of the Debtors and vice versa.

328.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them directly or indirectly retained control of the IVolution settlement proceeds following the transfers by virtue of the Debtors' control or ownership interest in the Defendants and/or beneficial interest in the AMG.

329.    The Debtors did not disclose the IVolution Transfers in their Schedules, Amended Schedules, Statement of Financial Affairs, or Amended Statement of Financial Affairs filed in the Bankruptcy Case.

330.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the IVolution Transfers.

331.    Plaintiff is informed and believes and based thereon alleges that the Debtors received inadequate, if any, consideration in exchange for the IVolution Transfers.

COMPLAINT

608713989.2

332.    Plaintiff is informed and believes and based thereon alleges that PHBS did not take title to the IVolution settlement proceeds and the Debtors did not transfer title to the IVolution settlement proceeds in good faith.

333.    Plaintiff is informed and believes and based thereon alleges that PHBS constitutes a direct or indirect insider of the Debtors and/or vice versa.

334.    Plaintiff is informed and believes and based thereon alleges that the Debtors control or own in whole or in part, directly or indirectly, PHBS.

335.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the IVolution Transfers is necessary to satisfy the claims asserted by creditors of the Estate.

336.    By reason of the foregoing, Plaintiff respectfully submits that the IVolution Transfers are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1).

## TWENTIETH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – IVOLUTION PAYMENTS

**[11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2)]**

337.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 337 of this complaint as if fully set forth herein.

338.    The IVolution Transfers occurred within the four-year period immediately preceding the Petition Date.

339.    But for the IVolution Transfers, the IVolution settlement proceeds would have become an Estate asset on the Petition Date.

340.    Plaintiff is informed and believes and based thereon alleges that the Debtors owed at the time of the IVolution Transfers and/or presently owe certain sums, debts or obligations to one or more creditors.

341.    Plaintiff is informed and believes and based thereon alleges that the Debtors received little, if any, consideration in exchange for the IVolution Transfers.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

608713989.2

342.    Plaintiff is informed and believes and based thereon alleges that the Debtors transferred Andrew's interest in the IVolution settlement proceeds to PHBS without consideration in an effort to insulate the IVolution settlement proceeds from creditors.

343.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the IVolution Transfers.

344.    Plaintiff is informed and believes and based thereon alleges that at the time of the IVolution Transfers, the Debtors intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as the obligations became due.

345.    Plaintiff is informed and believes and based thereon alleges that PHBS did not take title to the IVolution settlement proceeds and the Debtors did not transfer title to the IVolution settlement proceeds in good faith.

346.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the IVolution Transfers is necessary to satisfy the claims asserted by creditors of the Estate.

347.    By reason of the foregoing, Plaintiff respectfully submits that the IVolution Transfers are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2).

## TWENTY-FIRST CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – IVOLUTION PAYMENTS

### [11 U.S.C. § 544 and Cal. Civil Code § 3439.05]

348.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 348 of this complaint as if fully set forth herein.

349.    The IVolution Transfers occurred within the four-year period immediately preceding the Petition Date.

350.    But for the IVolution Transfers, Andrew's interest in the IVolution settlement proceeds would have become an Estate asset on the Petition Date.

351.    Plaintiff is informed and believes and based thereon alleges that at the time of the IVolution Transfers the Debtors owed certain sums, debts or obligations to one or more creditors, and that these debts remain due and owing.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

608713989.2

COMPLAINT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

352.     Plaintiff is informed and believes and based thereon alleges that the Debtors received little, if any, consideration in exchange for the IVolution Transfers.

353.     Plaintiff is informed and believes and based thereon alleges that the consideration the Debtors received in exchange for the IVolution Transfers, if any, was less than the reasonably equivalent value for the IVolution Transfers.

354.     Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the IVolution Transfers.

355.     Plaintiff is informed and believes and based thereon alleges that PHBS did not take title to the IVolution settlement funds and the Debtors did not transfer title to the IVolution settlement funds in good faith.

356.     The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the IVolution Transfers is necessary to satisfy the claims asserted by creditors of the Estate.

357.     By reason of the foregoing, Plaintiff respectfully submits that the IVolution Transfers are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.05.

## TWENTY-SECOND CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – PHBS

### [11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1)]

358.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 358 of this complaint as if fully set forth herein.

359.     Plaintiff is informed and believes and based thereon alleges that the transfer of the Debtors' interest in PHBS to Davanti (the "PHBS Transfer") occurred within the four-year period immediately preceding the Petition Date.

360.     But for the PHBS Transfer, the Debtors' interest in PHBS would have become an Estate asset on the Petition Date.

361.     Plaintiff is informed and believes and based thereon alleges that at the time of the PHBS Transfer the Debtors owed and/or presently owe certain sums, debts or obligations to one or more creditors.

362.    Plaintiff is informed and believes and based thereon alleges that the Debtors intentionally transferred their interest PHBS to Davanti in an effort to insulate the assets of PHBS, including, without limitation, the IVolution settlement proceeds, from existing and/or future creditors or to otherwise hinder, delay and/or defraud creditors.

363.    Plaintiff is informed and believes and based thereon alleges that the transfer of the Debtors' interest in PHBS to Davanti was made to or for the benefit of the Defendants and/or Debtors.

364.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them control or own in whole or in part, directly or indirectly, the Defendants and each of them, and, as such, each of the Defendants constitute insiders of the Debtors and vice versa.

365.    Plaintiff is informed and believes and based thereon alleges that the Debtors or either of them directly or indirectly retained control of PHBS following the transfers by virtue of the Debtors' control or ownership interest in the Defendants and/or beneficial interest in the AMG.

366.    The Debtors did not disclose the PHBS Transfer in their Schedules, Amended Schedules, Statement of Financial Affairs, or Amended Statement of Financial Affairs filed in the Bankruptcy Case.

367.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the PHBS Transfer.

368.    Plaintiff is informed and believes and based thereon alleges that the Debtors received inadequate, if any, consideration in exchange for the PHBS Transfer.

369.    Plaintiff is informed and believes and based thereon alleges that Davanti did not take title to PHBS and the Debtors did not transfer title to PHBS in good faith.

370.    Plaintiff is informed and believes and based thereon alleges that PHBS and Davanti constitute direct or indirect insiders of the Debtors and/or vice versa.

371.    Plaintiff is informed and believes and based thereon alleges that the Debtors control or own in whole or in part, directly or indirectly, PHBS and Davanti.

608713989.2

COMPLAINT

372.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the PHBS Transfer is necessary to satisfy the claims asserted by creditors of the Estate.

373.    By reason of the foregoing, Plaintiff respectfully submits that the PHBS Transfer is avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(1).

**TWENTY-THIRD CLAIM FOR RELIEF**

**AVOIDANCE OF FRAUDULENT TRANSFER – PHBS**

**[11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2)]**

374.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through __ of this complaint as if fully set forth herein.

375.    Plaintiff is informed and believes and based thereon alleges that the PHBS Transfer occurred within the four-year period immediately preceding the Petition Date.

376.    But for the PHBS Transfer, the Debtors' interest in PHBS would have become an Estate asset on the Petition Date.

377.    Plaintiff is informed and believes and based thereon alleges that at the time of the PHBS Transfer the Debtors owed and/or presently owe certain sums, debts or obligations to one or more creditors.

378.    Plaintiff is informed and believes and based thereon alleges that the Debtors received little, if any, consideration in exchange for the PHBS Transfer.

379.    Plaintiff is informed and believes and based thereon alleges that the Debtors transferred their interest in PHBS to Davanti without consideration in an effort to insulate PHBS from creditors.

380.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the PHBS Transfer.

381.    Plaintiff is informed and believes and based thereon alleges that at the time of the PHBS Transfer, the Debtors intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as the obligations became due.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

608713989.2

COMPLAINT

382.    Plaintiff is informed and believes and based thereon alleges that Davanti did not take title to PHBS and the Debtors did not transfer title to PHBS proceeds in good faith.

383.    The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the PHBS Transfer is necessary to satisfy the claims asserted by creditors of the Estate.

384.    By reason of the foregoing, Plaintiff respectfully submits that the PHBS Transfer is avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.04(a)(2).

## TWENTY-FOURTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER – PHBS

### [11 U.S.C. § 544 and Cal. Civil Code § 3439.05]

385.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 385 of this complaint as if fully set forth herein.

386.    Plaintiff is informed and believes and based thereon alleges that the PHBS Transfer occurred within the four-year period immediately preceding the Petition Date.

387.    But for the PHBS Transfer, the Debtors' interest in PHBS would have become an Estate asset on the Petition Date.

388.    Plaintiff is informed and believes and based thereon alleges that at the time of the PHBS Transfer the Debtors owed certain sums, debts or obligations to one or more creditors, and that these debts remain due and owing.

389.    Plaintiff is informed and believes and based thereon alleges that the Debtors received little, if any, consideration in exchange for the PHBS Transfer.

390.    Plaintiff is informed and believes and based thereon alleges that the consideration the Debtors received in exchange for the PHBS Transfer, if any, was less than the reasonably equivalent value of PHBS.

391.    Plaintiff is informed and believes and based thereon alleges that the Debtors were insolvent or became insolvent as a result of the PHBS Transfer.

392.    Plaintiff is informed and believes and based thereon alleges that Davanti did not take title to PHBS and the Debtors did not transfer title to PHBS in good faith.

COMPLAINT

608713989.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

393.   The total assets of the Estate are insufficient to pay all the claims against the Estate in full.  Recovery of the PHBS Transfer is necessary to satisfy the claims asserted by creditors of the Estate.

394.   By reason of the foregoing, Plaintiff respectfully submits that the PHBS Transfer are avoidable pursuant to 11 U.S.C. § 544 and Cal. Civil Code § 3439.05.

**TWENTY-FIFTH CLAIM FOR RELIEF**

**RECOVERY OF AVOIDED TRANSFER**

**[11 U.S.C. §§ 544 and 550]**

395.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 395 of this complaint as if fully set forth herein.

396.   As set forth *supra*, the transfers of the Arizona Property, the Lake County Properties, the Coconino Properties, the Arizona Parcels, the Riverside Property, the TraFratelli Funds, the Debtors' interest in the IVolution settlement proceeds, and the Debtors' interest in PHBS (collectively, the "Transfers") each constitute a voidable transfer under 11 U.S.C. § 544 and the California Uniform Voidable Transaction Act, Cal. Civil Code § 3439, *et seq.*

397.   Plaintiff is informed and believes and based thereon alleges that the Defendants, or any other them, presently hold title to the subject real and personal property and/or are the subsequent transferees of the such property, as that term is used in 11 U.S.C. § 544.

398.   Plaintiff is informed and believes and based thereon alleges that the Defendants, or any of them, did not take title to the subject real and personal property and the Debtors did not transfer title to the subject property to the Defendants, or any of them, in good faith.

399.   Accordingly, Plaintiff respectfully submits that the Estate is entitled to avoid the Transfers and recover the subject properties from the Defendants pursuant to 11 U.S.C. § 550.

**TWENTY-SIXTH CLAIM FOR RELIEF**

**RECOVERY OF AVOIDED TRANSFER**

**[Cal. Civil Code §§ 3430.04, 3439.05, and 3439.07]**

400.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 400 of this complaint as if fully set forth herein.

- 51 -

COMPLAINT

608713989.2

401.    As set forth *supra*, the Transfers constitute voidable transfers under the California Uniform Voidable Transaction Act, Cal. Civil Code § 3439, *et seq.*

402.    Plaintiff is informed and believes and based thereon alleges that the Defendants, or any of them, presently hold title to the property subject to the Transfers and/or are the subsequent transferees of the such property.

403.    Plaintiff is informed and believes and based thereon alleges that the Defendants did not take title to the property subject to the Transfers and the Debtors did not transfer title to such property to the Defendants in good faith.

404.    Accordingly, Plaintiff respectfully submits that the Estate is entitled to avoid the Transfers and recover the subject property from the Defendants or, in the alternative, any other remedies available under Cal. Civil Code § 3439.07.

## TWENTY-SEVENTH CLAIM FOR RELIEF

## PRESERVATION OF AVOIDED TRANSFER

## [11 U.S.C. § 551]

405.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 405 of this complaint as if fully set forth herein.

406.    Pursuant to 11 U.S.C. § 551 and based on the foregoing, Plaintiff respectfully submits that the Estate entitled to the preservation of the property subject to the Transfers for the benefit of the Estate and its creditors.

## TWENTY-EIGHTH CLAIM FOR RELIEF

## IMPOSITION OF CONSTRUCTIVE TRUST

407.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 407 of this complaint as if fully set forth herein.

408.    Plaintiff is informed and believes and based thereon alleges that the Transfers of the subject property to the Defendants constitute avoidable transactions, procured for less than reasonably equivalent value.

409.    Plaintiff is informed and believes and based thereon alleges that the Defendants were unjustly enriched as a result of the Transfers.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

608713989.2

COMPLAINT

410.    Plaintiff is informed and believes and based thereon alleges that as a result of the Transfers, the assets of the Estate have been unjustly diminished to the detriment of its creditors.

411.    Plaintiff is informed and believes and based thereon alleges that the Debtors purposefully transferred the property subject to the Transfers in an effort to conceal the assets and defraud their creditors, and that the Defendants actively participated in such a scheme.

412.    Accordingly, Plaintiff respectfully submits that the Estate is entitled to the imposition of a constructive trust and an order transferring title of the Property to the Estate for the benefit of the Estate and its creditors.

### TWENTY-NINTH CLAIM FOR RELIEF

### IMPOSITION OF A RESULTING TRUST – IVOLUTION PAYMENTS

413.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 413 of this complaint as if fully set forth herein.

414.    Plaintiff is informed and believes and based thereon alleges that the IVolution Settlement Agreement was intended to compensate Andrew for IVolution's breach of the consulting agreement.

415.    Plaintiff is informed and believes and based thereon alleges that Andrew negotiated and purposefully structured the IVolution Settlement Agreement so that the funds paid as compensation for IVolution's breach of the consulting agreement were paid directly to PHBS.

416.    Plaintiff is informed and believes and based thereon alleges that Andrew and/or the Debtors retained equitable title to and were the intended beneficiaries of the payments to PHBS under the IVolution Settlement Agreement as compensation for IVolution's breach of the consulting agreement, which payments total no less than $240,000.

417.    Plaintiff is informed and believes and based thereon alleges that PHBS was not intended to hold and does not hold a valid interest in the payments to PHBS under the IVolution Settlement Agreement as compensation for IVolution's breach of the consulting agreement, which payments total no less than $240,000.

608713989.2

COMPLAINT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

418.    Plaintiff is informed and believes and based thereon alleges that PHBS continues to hold the portion of the IVolution settlement payments paid on account of the breach of the consulting agreement under the IVolution Settlement Agreement.

419.    Plaintiff is informed and believes and based thereon alleges that PHBS has not commingled or transferred any portion of the IVolution settlement payments paid on account of the breach of the consulting agreement under the IVolution Settlement Agreement.

420.    Accordingly, Plaintiff respectfully submits that the payments to PHBS under the IVolution Settlement Agreement as compensation for IVolution's breach of the consulting agreement, which payments total no less than $240,000, are subject to a resulting trust in favor of the Estate.

## THIRTIETH CLAIM FOR RELIEF

## IMPOSITION OF A RESULTING TRUST – AMG ASSETS

421.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 421 of this complaint as if fully set forth herein.

422.    Plaintiff is informed and believes and based thereon alleges that the Debtors established AMG to conceal and/or insulate the assets held therein, including, without limitation, the Debtors' interests in Davanti and, by extension, the IVolution settlement payments, in an effort to hinder, delay and/or defraud creditors.

423.    Plaintiff is informed and believes and based thereon alleges that the Debtors transferred assets into the AMG in an effort to hinder, delay and/or defraud creditors.

424.    Plaintiff is informed and believes and based thereon alleges that the Debtors knowingly engaged in such conduct with the intent to hinder, delay and/or defraud creditors.

425.    Plaintiff is informed and believes and based thereon alleges that at all relevant times, the Debtors treated the assets of AMG as their personal property and, as such, AMG and the corporations purportedly owned by AMG constitute alter egos of the Debtors.

426.    Plaintiff is informed and believes and based thereon alleges that at all relevant time, the Debtors exercised control over the assets of AMG without respect to the formation or

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

structure of the trust and, as such, AMG and the corporations purportedly owned by AMG

constitute alter egos of the Debtors.

427.    Therefore, Plaintiff respectfully submits that AMG was improperly formed and,

thus, invalid, and all assets purportedly held by AMG as the *res* of the trust are subject to a

resulting trust in favor of the Estate.

## THIRTY-FIRST CLAIM FOR RELIEF

### DECLARATORY JUDGMENT – AMG ASSETS

428.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

428 of this complaint as if fully set forth herein.

429.    An actual and present controversy now exists as between Plaintiff and each of the

Defendants herein pertaining to the validity of AMG and ownership of the purported *res* of the

trust.  Plaintiff contends that AMG was created as part of a scheme to hinder, delay and defraud

creditors and, as such, is invalid and all property purportedly held by AMG constitutes property

of the Estate.  Plaintiff is informed and believes and based thereon alleges that the Debtors and

Defendants contend that AMG was properly formed and all assets held by AMG do not constitute

property of the Estate.

430.    Due to the aforementioned dispute regarding the validity of AMG and ownership

of the purported *res* of AMG, Plaintiff respectfully submits that the Estate is entitled to a

declaratory judgment regarding these matters.

## THIRTY-SECOND CLAIM FOR RELIEF

### INJUNCTIVE RELIEF

### [Fed. R. Civ. P. 65 and Fed. R. Bankr. P. 7065]

431.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

431 of this complaint as if fully set forth herein.

432.    Plaintiff is informed and believes and based thereon alleges that the Debtors and

the Defendants have engaged in a scheme to conceal, disguise and insulate assets from creditors

through the creation of numerous shell companies and the transfer of valuable assets to these

companies without consideration and/or proper or accurate documentation.

COMPLAINT

608713989.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

433.   Plaintiff is informed and believes and based thereon alleges that based on prior conduct, the Debtors, individually or in concert with the Defendants, will transfer assets presently held by AMG or the remaining Defendants to new and/or unknown individuals and/or entities in furtherance of the fraudulent scheme to prevent the recovery and administration of assets properly belonging to the Estate and, in so doing, frustrate and abuse the bankruptcy process.

434.   Plaintiff is informed and believes and based thereon alleges that there is no adequate legal remedy to reimburse or compensate the Estate in the event the Debtors and/or Defendants transfer or conceal assets properly belonging to the Estate.

435.   Plaintiff is informed and believes and based thereon alleges that there is no risk of irreparable harm to the Debtors or Defendants from issuance of an order precluding the transfer of any assets presently held by the Defendants pending resolution of this adversary proceeding.

436.   Plaintiff is informed and believes and based thereon alleges that the interests of the public in avoiding the degradation and abuse of the bankruptcy process outweighs any potential harm to the Debtors or Defendants from the issuance of an order precluding the transfer of any assets presently held by the Defendants pending resolution of this adversary proceeding.

437.   Therefore, the Plaintiff respectfully submits that the Estate is entitled to the issuance of an injunction preventing the Debtors or Defendants from taking any action with respect to the assets held and/or purportedly owned by the Defendants pending the resolution of the adversary proceeding.

## THIRTY-THIRD CLAIM FOR RELIEF

### INJUNCTIVE RELIEF

**[Fed. R. Civ. P. 65 and Fed. R. Bankr. P. 7065]**

438.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 438 of this complaint as if fully set forth herein.

439.   Plaintiff is informed and believes and based thereon alleges that Robert Jackson ("Mr. Jackson"), the brother of Margaret Grimalda, is the current signatory on the accounts for PHBS, Davanti USA, and/or Davanti.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

608713989.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

440.     Plaintiff is informed and believes and based thereon alleges that the funds held in the accounts of PHBS, Davanti USA, and/or Davanti constitute assets of the Estate pursuant to 11 U.S.C. § 541(a) as these entities and/or the remaining Companies are owned and/or controlled by the Debtors and constitute the alter egos of the Debtors.

441.     Plaintiff is informed and believes and based thereon alleges that Mr. Jackson has used funds held in the accounts of PHBS, Davanti USA, and/or Davanti for personal expenses, including, without limitation, for gambling and other deleterious purposes, and that Mr. Jackson will continue to deplete such funds absent the imposition of an injunction.

442.     Plaintiff is informed and believes and based thereon alleges that there is no adequate legal remedy to reimburse or compensate the Estate in the event that Mr. Jackson depletes or attempts to conceal the funds held in the accounts of PHBS, Davanti USA, and/or Davanti or the records relating thereto.

443.     Plaintiff is informed and believes and based thereon alleges that there is no risk of irreparable harm to the Debtors, Defendants, or Mr. Jackson from issuance of an order precluding the transfer of any assets presently held in the name of the Defendants and controlled by or accessible to Mr. Jackson.

444.     Plaintiff is informed and believes and based thereon alleges that the interests of the public in avoiding the degradation and abuse of the bankruptcy process outweighs any potential harm to the Debtors, Defendants, or Mr. Jackson from issuance of an order precluding the transfer of any assets presently held in the name of the Defendants and controlled by or accessible to Mr. Jackson.

445.     Therefore, the Plaintiff respectfully submits that the Estate is entitled to the issuance of an injunction preventing Mr. Jackson from transferring, withdrawing or using any assets held in the name of the Debtors or any Defendant pending resolution of this adversary proceeding.

///

///

///

COMPLAINT

608713989.2

## THIRTY-FOURTH CLAIM FOR RELIEF

## PIERCING THE CORPORATE VEIL AND ALTER EGO

446.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 446 of this complaint as if fully set forth herein.

447.    At all times relevant herein, the Debtors have dominated and controlled the Companies' business activities, operating them as if it were mere instrumentalities of the Debtors. The Debtors', especially Andrew's domination and control over the Companies have been so complete that the Companies have had no separate mind, will or existence of their own and have become nothing more than the Debtors' instrumentality, business conduit and/or their alter ego.

448.    At all times relevant herein, the Debtors have improperly exercised their domination and control of the Companies for the direct and indirect benefit of the Debtors and their close family members in such a manner as to commit fraud and other wrongdoing against the Estate and its creditors.

449.    As a direct result of the Debtors' control of the Companies and wrongdoing, the Estate and its creditors have been injured.

450.    By reason of the foregoing and to avoid unjust and inequitable consequences, the Court should pierce the Companies' corporate veil, declare that Companies mere instrumentalities, business conduits and/or alter egos of the Debtors, and thus require the Companies, jointly and severally, to make their assets available to satisfy the Estate's obligations to its creditors.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against the Defendants and each of them as follows:

1.    As to the First, Second and Third Claims for Relief, avoiding the transfer of and recovering the Arizona Property, or the value thereof, for the benefit of the Estate;

2.    As to the Fourth, Fifth and Sixth Claims for Relief, avoiding the transfer of and recovering the Lake County Properties, or the value thereof, for the benefit of the Estate;

COMPLAINT

608713989.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1      3.    As to the Seventh, Eighth and Ninth Claims for Relief, avoiding the transfer of and

2  recovering the Debtors' interest in the Coconino Properties, or the value thereof, for the benefit of

3  the Estate;

4      4.    As to the Tenth, Eleventh and Twelfth Claims for Relief, avoiding the transfer of

5  and recovering the Debtors' interest in the Arizona Parcels, or the value thereof, for the benefit of

6  the Estate;

7      5.    As to the Thirteenth, Fourteenth and Fifteenth Claims for Relief, avoiding the

8  transfer of and recovering the Debtors' interest in the Riverside Property, or the value thereof, for

9  the benefit of the Estate;

10      6.    As to the Sixteenth, Seventeenth and Eighteenth Claims for Relief, avoiding the

11  transfer of and recovering the Debtors' interest in the TreFratelli Funds, or the value thereof, for

12  the benefit of the Estate;

13      7.    As to the Nineteenth, Twentieth and Twenty-First Claims for Relief, avoiding the

14  transfer of and recovering the Debtors' interest in the payments under the IVolution Settlement

15  Agreement due and owing to Andrew, or the value thereof, for the benefit of the Estate;

16      8.    As to the Twenty-Second, Twenty-Third and Twenty-Fourth Claims for Relief,

17  avoiding the transfer of and recovering the Debtors' interest in PHBS, or the value thereof, for the

18  benefit of the Estate;

19      9.    As to the Twenty-Fifth, Twenty-Sixth and Twenty-Seventh Claims for Relief,

20  preserving the properties and interests subject to the Transfers for the benefit of the Estate;

21      10.    As to the Twenty-Eighth Claim for Relief, imposing a constructive trust over the

22  properties and interests subject to the Transfers in favor of the Estate and ordering the transfer of

23  title to the subject properties and interest to Plaintiff on behalf of the Estate;

24      11.    As to the Twenty-Ninth Claim for Relief, finding the portion of the payments

25  under the IVolution Settlement Agreement relating to the breach of the consulting agreement are

26  subject to a resulting trust in favor of the Estate and ordering the subject funds transferred to

27  Plaintiff on behalf of the Estate;

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

608713989.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

12.    As to the Thirtieth Claim for Relief, finding AMG invalid and the *res* of AMG subject to a resulting trust in favor of the Estate and ordering the subject property and interests transferred to Plaintiff on behalf of the Estate;

13.    As to the Thirty-First Claim for Relief, declaring AMG invalid and the *res* of AMG assets of the Estate;

14.    As to the Thirty-Second Claim for Relief, enjoining the Defendants and each of them from transferring, hypothecating, impairing, or exercising control over any of the properties and interests subject to the Transfers, except to the extent necessary to transfer title to the same to Plaintiff on behalf of the Estate;

15.    As to the Thirty-Third Claim for Relief, enjoining Mr. Jackson from transferring, withdrawing, hypothecating, encumbering, impairing, or exercising dominion or control over any funds held in account(s) in the name of the Defendants or any of them, except to the extent necessary to transfer funds constituting Estate property to Plaintiff on behalf of the Estate;

16.    As to the Thirty-Fourth Claim for Relief, piercing the corporate veil and finding that the Defendants and each of them constitute the alter egos and/or agents of the Debtors; and

17.    As to all claims for relief, awarding Plaintiff (a) all costs and attorneys' fees incurred in this adversary proceeding, (b) pre-judgment and post-judgment interest at the maximum legal rate, and (c) such further or additional relief the Court may, in its discretion, deem just and proper.

Dated:    April 15, 2016                      Respectfully submitted,

                                              **BAKER & HOSTETLER LLP**

                                              By:    */s/ Fahim Farivar*
                                                     Ashley M. McDow
                                                     Michael T. Delaney
                                                     Fahim Farivar

                                              Attorneys for JEFFREY I. GOLDEN,
                                              Plaintiff and Chapter 7 Trustee

- 60 -

608713989.2

COMPLAINT